ORRIN W. ALGUIRE, Plaintiff, *v.* CLARA CARVELL BARROW and Others, Defendants.

Supreme Court, St. Lawrence County, April 18, 1934.

*Charles A. Murphy,* for the plaintiff.

*Warren C. Daniels,* for the defendant bank.

*Bowers & Heffernan,* for the defendants Barrow and Carvell.

LAWRENCE, J. On August 31, 1931, defendant Clara Carvell Barrow was the owner of the property covered by the lien of the plaintiff. On that day she entered into a contract with the defendant Proctor Pratt for the construction by him of a house on the premises for the agreed price of $2,100. This contract was not recorded. Thereafter Pratt made an agreement with the plaintiff to do certain work called for by the contract for the sum of $800, which has not been paid. The contract for the construction of the house was fully performed prior to October 31, 1931, and the plaintiff performed that portion of the work which he had agreed to do. On completion of the contract the defendant Barrow was indebted

to the defendant Pratt in the sum of $2,100, nothing having been paid on the contract price. On October 31, 1931, defendant Barrow executed and delivered to the defendant Pratt a mortgage on the premises for $2,100 in payment of the contract price, which mortgaged was recorded November 21, 1931. The plaintiff states in his testimony that he knew the mortgage was to be given and consented to it, and that it was his understanding that he should look to Pratt for his pay.

Pratt had borrowed money from the defendant bank to finance the contract on notes given by himself and his wife, Ruth Pratt. The mortgage was assigned to Ruth Pratt on November 21, 1931, recorded November 25, 1931, and by her assigned to the defendant bank November 25, 1931, and recorded.

Plaintiff's lien was filed on February 1, 1932, and plaintiff claims that his lien is superior to the mortgage and has priority over it and that the funds represented by the mortgage are available for the payment of his lien. He makes this contention upon the ground that the mortgage does not contain the covenant specified in section 13 of the Lien Law. In this connection it should be noted that subdivisions 4 and 5 of section 13 of the Lien Law became effective subsequent to the recording of the mortgage and the filing of the lien. It would seem that the provisions of subdivision 3 of section 13 of the Lien Law have no effect upon the mortgage in question. Such a clause would not benefit the plaintiff here. The consideration for the mortgage was used wholly for the cost of improvement. No money was advanced and no funds were held in trust.

The plaintiff should be paid the $800 and interest due him, but he elected to take the defendant Pratt as his paymaster. I, therefore, hold that the plaintiff has no lien on the property. He may take judgment against Proctor Pratt for $800 and interest and costs. The complaint is dismissed as to the other defendants, with separate bills of costs in favor of the defendant bank and in favor of the defendants Barrow and Carvell together.